**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**                                              **Case 2:18-cv-20027-JTF**

**SHUNTARIO JOHNSON,**

        **Defendant.**

---

**REPORT AND RECOMMENDATION ON DEFENDANT SHUNTARIO JOHNSON'S MOTION TO SEVER COUNTS**

---

Before the Court is Defendant Shuntario Johnson's ("Johnson") Motion to Sever Counts. (Docket Entry ("D.E.") #220). The instant motion has been referred to the United States Magistrate Judge for Report and Recommendation. (D.E. #238). For the reasons set forth herein, it is RECOMMENDED that the instant motion be GRANTED IN PART AND DENIED IN PART. Specifically, it is RECOMMENDED that Counts Two, Three and Four were misjoined pursuant to Rule 8(a) and should be severed for purposes of trial. It is further RECOMMENDED that Counts One, Five, Six, Seven, Eight, Nine, and Ten should be tried together.

    **I.    Introduction**

      *a. Criminal Complaint, Indictment, and Superseding Indictments*

On January 26, 2018, a criminal complaint was sworn against Johnson and co-defendants Marcus Danner ("Danner") and Quintiz Agnew ("Agnew"). The criminal complaint alleged that

1

Johnson, Agnew, and Danner sought to effectuate the robbery of a what they believed to be a narcotics stash house on January 25, 2018 ("January 25, 2018 Conspiracy"); they would later discover that the supposed stash house was in fact a fictitious creation of undercover law enforcement agents. On January 30, 2018, an Indictment was issued against Johnson, Danner and Agnew in relation to the January 25, 2018 Conspiracy.

On March 7, 2018, a First Superseding Indictment was issued against Johnson, Danner, and Agnew as well as against a fourth co-defendant—John Lott ("Lott"). On August 30, 2018, a Second Superseding Indictment was issued against these four co-defendants as well as a fifth co-defendant—Crystal Deener ("Deener"). Since that date, there have been an additional three superseding indictments issued against these five co-defendants, the latest of which was issued on August 8, 2019. The charges contained in the operative Fifth Superseding Indictment are summarized as follows.

### 1. *Count One—Robbery Conspiracy*

Count One pertains to the overarching robbery conspiracy that is alleged to have existed from in or about December 2017 to on or about January 25, 2018. Count One alleges that Johnson, Danner, Agnew, and Lott conspired to commit robbery of persons engaged in narcotics trafficking to obtain drugs and drug proceeds by threats of physical violence in violation of 18 U.S.C. § 1951(a).

### 2. *Counts Nine and Ten—January 25, 2018 Robbery*

Counts Nine and Ten pertain to offenses arising from the January 25, 2018 planned robbery of the fictitious narcotics stash house. In Count Nine, Johnson, Agnew, and Danner are charged with knowingly possessing a Ruger 8mm semiautomatic handgun (the "Ruger Firearm") in

furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) and 2.[1] In Count Ten, Johnson, Agnew, and Danner are charged with knowingly being felons in possession of the Ruger Firearm in violation of 18 U.S.C. § 922(g)(1) and 2.

### 3. *Counts Two, Three, and Four—January 9, 2018 Carjacking*

Counts Two, Three, and Four pertain to offenses charged as a result of a January 9, 2018 Carjacking ("January 9, 2018 Carjacking") in which Johnson is alleged to have been the sole participant. In Count Two, Johnson is charged with the January 9, 2018 Carjacking of a 1999 Cadillac Deville from victim R.S. in violation of 18 U.S.C. § 2119. In Count Three, Johnson is charged with the knowing use of the Ruger Firearm during and in relation to the January 9, 2018 Carjacking in violation of 18 U.S.C. § 924(c)(1)(A)(iii). In Count Four, Johnson is charged with being a felon in knowing possession of the Ruger Firearm during the commission of the January 9, 2018 Carjacking, in violation of 18 U.S.C. § 922(g)(1).

### 4. *Counts Five, Six, and Seven—January 22, 2018 Attempted Robbery*

Counts Five, Six and Seven pertain to the January 22, 2018 Robbery ("January 22, 2018 Robbery"). In Count Five, Johnson, Agnew, Danner, and Lott are charged with attempting to rob B.B. of drugs and drug proceeds on January 22, 2018 in violation of 18 U.S.C. § 1951 and, in the course of this offense, shooting another person, V.R., in violation of 18 U.S.C. § 1951(a) and 2.[2] In Count Six, Johnson, Agnew, Danner, and Lott are charged with knowingly using a firearm during and in relation to a crime of violence, and discharging the firearm in the course of such offense, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 2. In Count Seven, Johnson, Agnew,

---

[1] The narcotics conspiracy is charged, *infra*, in Count Eight of the Fifth Superseding Indictment.
[2] The First Superseding Indictment charged that Johnson "was a member of the robbery ring who fatally shot 'V.R.' and served as an enforcer of the ring." (First Superseding Indictment ¶ 3).

3

Danner, and Lott are charged with being felons in knowing possession of the Ruger Firearm in violation of 18 U.S.C. § 922(g)(1) and 2.

### 5. *Count Eight—Narcotics Conspiracy*

In Count Eight, Johnson, Danner, Agnew, and Lott are charged with participating in a narcotics conspiracy from at least on or about December 2017 to at least on or about January 25, 2018 in violation of 21 U.S.C. § 812 and 21 U.S.C. § 846.

### 6. *Count Eleven—Conspiracy to Falsify Evidence*

In Count Eleven, Lott and Deener are charged with conspiracy to falsify evidence in violation of 18 U.S.C. § 1512(k). Johnson is not charged with any offenses in this count.

## B. Motion to Sever

In the instant motion, Johnson raises two arguments that effectively seek for the charges in the Fifth Superseding Indictment to be tried over the course of three trials. First, Johnson argues that Counts Two, Three and Four pertaining to the January 9, 2018 Carjacking should be severed from the remaining counts of the indictment.[3] Second, Johnson argues that Counts Five, Six, and Seven should be severed from Counts One, Eight, Nine, and Ten because the January 22, 2018 incident is not factually intertwined with the January 25, 2018 incident.

### 1. *Severance of Counts Two, Three and Four*

In support of his first request, Johnson argues that Counts Two, Three and Four should be severed from the remaining counts because he is the only defendant charged with any offenses

---

[3] The instant motion was filed when the Fourth Superseding Indictment was the operative charging document in this case; however, the Fifth Superseding Indictment was issued four days later. As the relief requested in the instant motion applies equally to the charges in the Fourth Superseding Indictment and Fifth Superseding Indictment—namely, to sever Counts Two, Three, and Four pertaining to the January 9, 2018 Carjacking for trial—and as neither party has suggested otherwise since the Fifth Superseding Indictment was issued, it is RECOMMENDED that the instant motion be construed as seeking severance of these counts under the operative Fifth Superseding Indictment.

4

pertaining to the January 9, 2018 Carjacking. As grounds for the requested relief, Johnson has provided multiple investigative reports in support of his motion.

Specifically, Johnson contends that the investigative reports demonstrate that the sole connection between the January 9, 2018 Carjacking and the other indicted offenses is ballistic evidence. Namely, Johnson argues that the Memphis Police Department ("MPD") recovered as follows from the three incidents: two 9mm shell casings from the scene of the January 9, 2018 Carjacking; a projectile from the scene of the January 22, 2018 attempted robbery; and a "silver and black Taurus 9mm caliber model P95DC pistol bearing serial number 311-74698"[4] that Johnson is suspected of discarding in a field while attempting to flee from law enforcement officers. Johnson states that subsequent testing indicates that "the two shell casings from January 9, 2018 and the projectile from January 22, 2018 were all fired from the firearm that was recovered from the field on January 25, 2018." Johnson argues that "[t]here is no other physical evidence that connects the three crime scenes."

Further, Johnson argues that he was identified as the perpetrator of the carjacking by means of a photo lineup and that the man who identified him stated that "they had worked together previously" and that he knew Johnson as "P." Thus, Johnson argues that the January 9, 2018 Carjacking is "of a known acquaintance" and is not charged to have been related in any other way to the January 22, 2018 or January 25, 2018 incidents or any of the indicted conspiracies.

---

[4] The Fifth Superseding Indictment only discussed a Ruger Firearm; thus, it is unclear to the Court at this stage the evidentiary role of this Taurus firearm. The Court need not further investigate this issue, however, as the determination of the instant Motion to Sever is confined to the face of the Fifth Superseding Indictment. *See United States v. Locklear*, 631 F.3d 364, 368 (6th Cir. 2011)

### 2. *Severance of Counts Five, Six, and Seven from Counts Nine and Ten*

In support of his second request, Johnson argues that the January 22, 2018 incident is not factually intertwined with the January 25, 2018 incident. Thus, Johnson asserts that Counts Five, Six, and Seven should be severed from Counts Nine and Ten. Johnson continues to rely upon the various investigative reports in urging the Court to determine that the only connections between these two events are ballistic evidence and the participation of co-defendants Danner and Agnew along with Johnson on these two occasions.

### 3. *Trial of Counts One and Eight with Counts Nine and Ten*

Heretofore, Johnson has argued that the offenses relating to each date be each tried separately; however, that leaves Count One (the robbery conspiracy) and Count Eight (the narcotics conspiracy), which are not tied to a specific incident but are overarching conspiracy counts. As to these two counts, Johnson argues that Count One should be tried with Counts Nine and Ten because only the January 25, 2018 incident involves an attempt to rob persons engaged in narcotics trafficking. Similarly, Johnson argues that Count Eight should be tried with Counts Nine and Ten because it is the most closely related to those allegations.

### 4. *Summary of Johnson's Severance Requests*

In sum, Johnson argues that three distinct trials should be held as to the following counts: Counts Two, Three and Four; Counts Five, Six, and Seven; and Counts One, Eight, Nine, and Ten.

### C. *Government's Response to Motion to Sever*

The Government responds that Counts One to Ten against Johnson are properly joined because they are all of the same or similar character. The Government further contends that the

question of whether joinder is appropriate is determined by the allegations on the face of the indictment. The Government additionally notes that Johnson has not relied on any authority within the Sixth Circuit that has held that these offenses may not be joined and that any potential prejudice to Johnson could be obviated by an appropriate jury instruction to consider each charge separately.

## II. Analysis

### a. Rule 8(a)—Improper Joinder of Offenses

First, Johnson argues that various counts were improperly joined in the Fifth Superseding Indictment under Rule 8(a), which provides for the joinder of *offenses* as follows:

> The indictment or information may charge a defendant in separate counts with 3 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). Rule 8(a) is construed in favor of joinder, but failure to meet the requirements of the rule may constitute misjoinder as a matter of law." *United States v. Hatton*, 643 Fed. Appx. 574, 579 (6th Cir. 2016) (citing *United States v. Chavis*, 296 F.3d 450, 456 (6th Cir. 2002)). The defendant bears the burden of establishing that counts were improperly joined under Rule 8(a). *See United States v. Serrano-Ramirez*, 319 F. Supp. 3d 918, 925 (M.D. Tenn. Aug. 6, 2018).

"A motion for severance based on misjoinder under Rule 8 alleges an error in the indictment," *United States v. Lloyd*, 10 F.3d 1197, 1214 (6th Cir. 1993), and the face of the indictment determines whether joinder is appropriate, *United States v. Locklear*, 631 F.3d 364, 368 (6th Cir. 2011). The "'predominant consideration'" in assessing the propriety of joinder is

whether judicial efficiency will be enhanced, *United States v. Chavis*, 296 F.3d 450, 460 (6th Cir. 2002), as it is generally reasoned that joint trials "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts," *Zafiro v. United States*, 506 U.S. 537, 537 (1993) (internal citations and quotations omitted); *see also Buchanan v. Kentucky*, 483 U.S. 402, 418 (1987).

### 1. *Rule 8(a) Joinder of Counts Two, Three, and Four*

With respect to the joinder of Counts Two, Three and Four, which pertain to the January 9, 2018 carjacking that is alleged to have been perpetrated by Johnson alone, the determinative question is whether this incident is of the "same or similar character" as the remaining counts in the Fifth Superseding Indictment, which are as follows: (1) a conspiracy to rob "persons engaged in narcotics trafficking to obtain drugs and drug proceeds by threats of physical violence"; (2) offenses stemming from the conspiracy to rob the fictitious narcotics stash house on January 25, 2018; (3) the attempted robbery of B.B. of "drugs and drug proceeds" and the offenses related thereto; (4) a narcotics trafficking conspiracy.

Defendant has not cited any authority, and the Court is aware of none, stating that carjacking, i.e. robbery of a vehicle, is of the same character as conspiracy and attempt to rob "persons engaged in narcotics trafficking to obtain drugs and drug proceeds." Certainly they both involve the use of force to unlawfully obtain property, but that is where the similarities cease. Defendant has likewise cited no authority, and the Court is aware of none, stating that carjacking is of the "same or similar character" of a narcotics trafficking conspiracy; in fact, these are more distinctly different than the carjacking and robbery counts. Further, the face of the indictment does not mention any connection whatsoever between the January 9, 2018

offenses alleged to have been committed by Johnson and the remaining offenses alleged to have been committed by the four co-conspirators Johnson, Danner, Agnew, and Lott.

Accordingly, it is RECOMMENDED that the offenses charged in Counts Two, Three, and Four are not of the "same or similar character" as the remaining counts of the indictment. Therefore, it is RECOMMENDED that Counts Two, Three, and Four were improperly joined under Rule 8(a) and should be severed from the remaining counts for purposes of trial.[5]

### 2. *Rule 8(a) Joinder of Counts Five, Six and Seven with Counts Nine and Ten*

With respect to the joinder of Counts Five, Six and Seven with Counts Nine and Ten, the same Rule 8(a) inquiry applies—whether the January 22, 2018 attempted robbery (and related offenses) and the offenses related to the January 25, 2018 planned robbery of the fictitious stash house are either of the "same and similar character," are "based on the same act or transaction," or are "connected with or constitute parts of a common scheme or plan." Count One, which alleges the overarching conspiracy to rob persons engaged in narcotics trafficking to obtain drugs and drug proceeds from December 2017 until at least on or about January 25, 2018, is instructive and provides the necessary connection for Rule 8(a) joinder.

Specifically, on both January 22, 2018 and January 25, 2018, Johnson, Agnew, Danner and Lott—the four alleged robbery co-conspirators—are alleged of conspiring and attempting to

---

[5] Johnson additionally argues that Counts Two, Three and Four should be severed because he is the only person alleged to have participated in these criminal acts. With respect to conspiracy indictments, the Sixth Circuit has held that "[t]here is no requirement . . . that all conspirators be involved in each . . . underlying act . . . ; all that is necessary is that the acts are connected with the affairs of the enterprise." *United States v. Qaoud*, 777 F.2d 1105, 1116 (6th Cir. 1985); however, in the instant case, the question of his sole participation in the carjacking is not determinative, as the carjacking is not of a "same or similar character" to the other charged offenses in the indictment and does not fall within the explicit language of the robbery conspiracy in Count One of the indictment that alleges that Johnson, Agnew, Danner, and Lott conspired to rob "persons engaged in narcotics trafficking to obtain drugs and drug proceeds by threats of physical violence."

9

rob various individuals of drugs and drug proceeds. Whether they achieved success on either venture and whether the stash house was fictitious and the drugs contained therein were "make-believe," as Johnson so characterizes, are immaterial. Both incidents constitute acts of the "same or similar character" and are "connected with or constitute a common scheme or plan"—to conspire to rob narcotics dealers of drugs and drug proceeds. Accordingly, it is RECOMMENDED that Counts Five, Six and Seven are properly joined with Counts Nine and Ten under Rule 8(a).

### b. Rule 14—Severance

Defendant additionally asserts that Counts Five, Six and Seven should be severed from Counts Nine and Ten pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure, which provides as follows:

> If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

Fed. R. Crim. P. 14(a). Rule 14(a) comes into play only if joinder was proper under Rule 8 but a joint trial would prejudice the defendant. *Lloyd*, 10 F.3d at 1215.

Johnson's Motion cites to Rule 14(a) briefly, but it does not specify what prejudice he would suffer if evidence of the January 22, 2018 attempted robbery and the January 25, 2018 planned robbery were tried together. The Court finds that Johnson would not be prejudiced by the evidence of the full scope of the alleged robbery conspiracy, along with the drug trafficking conspiracy, being presented in one trial. Further, Johnson's position does not allocate sufficient weight to the gravity of the offenses with which he is charged—particularly, that he is charged with participating in an ongoing robbery conspiracy that included within it both the January 22,

2018 incident and the January 25, 2018 incident. The factual differences between how the robberies were to be effectuated are immaterial; the allegation that they were to be effectuated in furtherance of the robbery conspiracy is sufficient for them to be tried jointly. Accordingly, it is RECOMMENDED that Defendant's request for Rule 14 severance be DENIED.

### c. Counts One and Eight

The final question is in which trial the robbery conspiracy charge (Count I) and the narcotics trafficking conspiracy charge (Count II) belong. There is no Rule 8(a) challenge to these two counts being part of the Fifth Superseding Indictment. There is also no Rule 14(a) challenge that Johnson would be prejudiced however they are tried. The predicament appears that they must be tried somehow, and Johnson argues that they are most closely related to Counts Five, Six, Seven, Nine and Ten.

Upon review, only Counts Two, Three and Four have been found to be misjoined pursuant to Rule 8(a). The remainder of the indictment remains joined. Thus, it is RECOMMENDED that, by default, and absent any assertion otherwise, Counts One and Eight remain joined with Counts Five, Six, Seven, Nine, and Ten for purposes of trial.

### III. Conclusion

For the reasons set forth herein, it is RECOMMENDED that Defendant Shuntario Johnson's Motion to Sever be GRANTED IN PART AND DENIED IN PART. Specifically, it is RECOMMENDED that Counts Two, Three and Four were misjoined pursuant to Rule 8(a) and should be severed for purposes of trial. It is further RECOMMENDED that Counts One, Five, Six, Seven, Eight, Nine, and Ten should be tried together.

Signed this 5th day of September, 2019

<u>s/ Charmiane G. Claxton</u>
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**