# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | Case No. 2:18-cr-20027-JTF |
| SHUNTARIO JOHNSON, ) | |
| Defendant. ) | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO SUPPRESS

Before the Court is Defendant Shuntario Johnson's Motion to Suppress filed on July 17, 2019. (ECF No. 216.) The issue presented by the Motion is whether the pre-trial identification of Defendant by R.S., victim of the January 9, 2018 alleged carjacking, was obtained by law enforcement in an "unnecessarily suggestive and conducive manner" such that the identification became so unreliable as to violate Defendant's Constitutional Fifth Amendment right to due process. (ECF No. 216, 1.) The Motion was referred to the Magistrate Judge, who held a hearing on the matter on August 30, 2019. (ECF Nos. 216 and 262.) The Magistrate Judge issued a Report and Recommendation on September 4, 2019 denying Defendant's Motion, referring to the reasons stated during the August 30, 2019 hearing. (ECF No. 261.) Plaintiff timely filed an Objection to the Report and Recommendation on September 7, 2019. (ECF No. 268.) On September 9, 2019, the Court heard arguments regarding the Magistrate Judge's Report and Recommendation and Defendant's objections thereto. As part of the hearing, the Court viewed the photo lineup that was shown to R.S. (ECF No. 272.)

1

For the following reasons, the Court finds that the Magistrate Judge's Report and Recommendation should be ADOPTED, and Defendant's Objections should be DENIED.

## FINDINGS OF FACT

In her Report and Recommendation, Magistrate Judge Claxton sets forth proposed findings of fact as stated during the August 30, 2019 hearing. (ECF Nos. 253 and 261.) This Court adopts and incorporates those proposed findings of fact.

## LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Regarding those excepted dispositive motions, magistrate judges may still hear and submit to the district court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B). Upon hearing a pending matter, "[T]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003) (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Motions to suppress evidence are among the

motions in criminal cases that are subject to *de novo* review. *See* 28 U.S.C. § 636 (b)(1)(A); *U.S. Fid. & Guarantee Co. v. Thomas Solvent Co.,* 955 F.2d 1085, 1088 (6th Cir. 1992). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674.

## **ANALYSIS**

The issue presented by Defendant's Motion is whether the pre-trial identification of Defendant by R.S., victim of the January 9, 2018 alleged carjacking, was obtained by law enforcement in an "unnecessarily suggestive and conducive manner" such that the identification became so unreliable as to violate Defendant's Constitutional Fifth Amendment right to due process. (ECF No. 216, 1.) Defendant argues that "none of the other individuals appear to be of the same skin tone as [Defendant]," and that the other individuals have "different facial hair, different haircuts, and different facial features." (ECF No. 216, 2.) Defendant also argues, "perhaps most importantly, [Defendant's] photograph appears to have a light shining on his face and forehead in the photograph, and his photograph has a white background while all of the other photographs have a blue background." (ECF No. 216, 2.) The Magistrate Judge recommends the denial of Defendant's Motion to Suppress because "there is no indication that the process that was used to obtain the identification was unduly suggestive" and ultimately "[t]his would not fall into

the category of a case where the defendant is completely unlike all of the other defendants or all of the other individuals shown on the identification." (ECF No. 253, 10–11.) This Court agrees.

The Due Process Clause of the U.S. Constitution prohibits the use of identification procedures that are "unnecessarily suggestive and conducive to irreparable mistaken identification." *Stovall v. Denno*, 338 U.S. 293, 302 (1967), *overruled on other grounds by Griffith v. Kentucky*, 479 U.S. 314 (1987). A two-part test is used in evaluating the validity of a pretrial identification. *United States v. Irorere*, 69 F. App'x 231, 235 (6th Cir. 2003). "First, the court considers whether the procedure was unduly suggestive." *Id.* (citation omitted). Second, if the procedure is found to be unduly suggestive, the court must "determine if the pretrial identification was nonetheless reliable under the totality of the circumstances." *Id.* (citation omitted). "[Reliability] is the linchpin in determining the admissibility of identification testimony." *Manson v. Brathwaite*, 432 U.S. 98, 114 (1977). In evaluating the reliability of the identification, and whether there was a likelihood of misidentification, courts look to six factors: (1) whether the witness had the opportunity to view the defendant at the time of the crime, (2) the witness's degree of attention, (3) the accuracy of any prior description made by the witness of the defendant, (4) the witness's level of certainty as to the identification of the defendant at the confrontation, and (5) the length of time between the identification and the crime. *Neil v. Briggers*, 409 U.S. 188, 199–200 (1972).

<u>Undue Suggestiveness</u>

Defendant argues that the pretrial identification procedure was unduly suggestive because none of the other individuals in the photo lineup had the same skin tone as Defendant; all of the individuals had different facial hair, different haircuts, and different facial features; Defendant's photo had a light shining on his face; and Defendant's photo has a white background while the

other photos have blue backgrounds. (ECF No. 216, 2.) The Magistrate Judge concluded that the pretrial identification procedure was not unduly suggestive. She explained that while there were varying skin tones, such variance was "not so much to be unduly suggestive." (ECF No. 253, 11.) She further stated that "[t]his would not fall into the category of a case where the defendant is completely unlike . . . all of the other individuals shown on the identification." (ECF No. 253, 11.)

The Court agrees with the Magistrate Judge. In determining undue suggestiveness, the Court must inquire whether the identification procedure is "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *United States v. Meyer*, 359 F.3d 820, 824 (6th Cir. 2004).

Regarding differing facial hair, haircuts, and facial features, the Sixth Circuit has held that "a photo array containing six photographs of black males, with facial hair and closely-cropped haircuts, contained sufficient similarities between the men such that it was not unduly suggestive." *United States v. Reamey*, 132 F. App'x 613, 616 (6th Cir. 2005) (citation omitted). Here, this photo array contains pictures of six black males. At least four, including Defendant, have visible facial hair on the upper lip and chin area. (ECF No. 216-2.) Furthermore, at least four, including Defendant, have closely-shaved haircuts. As for the different facial features that Defendant is referring to in his Motion, the Court is unsure as to what specific facial features to which Defendant is objecting. The Court, after viewing the photos, finds no glaringly different facial features. In any event, "[t]he police are not required to conduct a search for identical twins in age, height, weight, or facial features . . . ." *Hutsell v. Sayre*, 5 F.3d 996, 1005 (6th Cir. 1993) (citation omitted).

Third, the Sixth Circuit has held that differences in skin tones does not create "a very substantial likelihood of irreparable misidentification," at least so long as there are other individuals who have similarly, but not identical, colored skin. *United States v. Washington*, 714

5

F.3d 962, 967 (6th Cir. 2013). Here, the Court finds that at least three of the individuals, including Defendant, have lighter skin. Certainly, Defendant's picture has the most glare from a camera flash. However, at least two other individuals have some amount of glare on their pictures. Defendant's lighter skin tone and glare from the camera flash does not rise to the level of undue suggestiveness.

Lastly, there is no doubt, in the Court's view, that Defendant's picture has a completely white background as compared to the other five pictures. However, "[a] darker hue or different colored background does not 'in [itself] create an impermissible suggestion that the defendant is the offender." *United States v. McComb*, 249 F. App'x 429, 440 (6th Cir. 2007). Thus, the different colored backgrounds in this photo array does not cause it to be unduly suggestive.

For the above reasons, the Court concludes that the photographic pretrial lineup was not unduly suggestive.

*Reliability of Identification*

Even if the lineup was unduly suggestive, the totality of the circumstances still does not indicate any indicia of unreliability. Turning to the first and second factors, the Magistrate Judge found that R.S. had both the opportunity to view Defendant at the time of the alleged carjacking and an adequate degree of attention. The Court agrees. While R.S. was not available at the August 30, 2019 hearing to testify, Special Agent Bowling testified that Defendant was in a vehicle with R.S., and that they were going together to purchase marijuana. (ECF No. 253, 9.) The Magistrate Judge indicated that "Certainly if the individuals were in a vehicle together, had made an arrangement to go somewhere together . . . there would have been an adequate degree of attention." (ECF No. 253, 9.) It is common sense that riding in a car with someone necessarily implies that the individuals paid attention to one another and can identify one another. This is especially true

6

in this instance because R.S. previously worked with Defendant at the same job location, and drove in the car with Defendant right before Defendant allegedly carjacked R.S. Accordingly, the Court finds that R.S. had ample opportunity to view Defendant at the time of the alleged crime and paid an adequate degree of attention to Defendant.

Regarding the first and second factors, Defendant objects to the Magistrate Judge's findings, reasoning that "[w]ithout a live witness to describe his vantage point and the physical conditions surrounding the situation in which he viewed Defendant at the time of the crime, any determination is speculative." (ECF No. 270, 4.) Defendant is ultimately concerned that R.S. did not testify at the August 30, 2019 hearing. However, Special Agent Bowling gave extensive testimony about his conversation with R.S. Furthermore, common sense dictates that being in a vehicle together with plans to go to a particular place causes individuals to view each other and ultimately forces individuals to pay attention to one another. The Court therefore denies Defendant's objections.

Looking next to the third factor—the accuracy of any prior description made by the witness of the defendant—R.S. made a statement to the police following the alleged carjacking. The police report indicates that "the suspect reported by [R.S.] was Male, 30-35 years in age, Black, 6'00 and 185 pounds." (ECF No. 268, 4.) Furthermore, Special Agent Bowling testified in the August 30, 2019 hearing that his review of the police report and his interview of R.S. were consistent "with regard to his statements that [Defendant], or "P" as he described him in those instances, was in a vehicle with him, and that they were going together to purchase marijuana." (ECF No. 253, 9.) The Magistrate Judge concludes that the prior description made by R.S. was accurate.

Defendant objects, arguing that because no facial features or specific skin tones were included in the description given by R.S. to the police, "it is not possible to say that there was

7

consistency in the photo array appearance and the prior description." (ECF No. 268, 4.) R.S.'s description to the police does not contain any glaring inconsistencies as compared to the photograph of Defendant that R.S. identified. Furthermore, this is a totality of the circumstances analysis. *See Ledbetter v. Edwards*, 35 F.3d 1062, 1071 (6th Cir. 1994). Taking into consideration the totality of circumstances surrounding the reliability of R.S.'s identification, the Court finds the slight vagueness of R.S.'s description of Defendant to the police not sufficient to overweigh the overall reliability of the identification.

The fourth factor—the witness's level of certainty as to the identification of the defendant at the confrontation—is satisfied because R.S. identified Defendant within one to two seconds, according to Special Agent Bowling. (ECF No. 253, 5.) Such quickness, with no hesitation, demonstrates that R.S. knew exactly who allegedly carjacked him.

Defendant objects, arguing that "making a quick decision is not necessarily consistent with making a correct decision." (ECF No. 268, 5.) While that statement may be true in some circumstances, the circumstances surrounding this identification indicate that such concerns are unfounded. *See Summitt v. Bordenkircher*, 608 F.2d 247, 252 (6th Cir. 1979) (holding that pretrial photographic identification was valid even where victim, at the time of the lineup, "wasn't completely sure" that the defendant was his assailant). Here, R.S. previously worked with Defendant and drove in the car with Defendant right before the alleged carjacking occurred. R.S. expressed no hesitancy or doubt about identifying Defendant. Thus, Defendant's objection is overruled.

Lastly, as to the fifth factor, there was an approximate one-month span between the alleged crime and the identification by R.S. The alleged carjacking occurred on January 9, 2018 and the

8

identification occurred in the middle of February 2018. (ECF No. 253, 10.) The Court agrees with the Magistrate Judge that this weighs in favor of R.S.'s reliable identification.

Defendant objects, reasoning that even though one month is a short span of time, "the photo array itself was so unduly suggestive that the process itself is not reliable." (ECF No. 268, 5.) However, as previously explained, the photo array itself was not unduly suggestive, and thus the identification process was reliable.

## **CONCLUSION**

Upon *de novo* review, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation to **DENY** Defendant's Motion to Suppress and **DENIES** Defendant's Objections.

**IT IS SO ORDERED** on this 1st day of October 2019.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE
