IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 2:18-20027-JTF |
| SHUNTARIO JOHNSON, | ) ) ) |
| Defendant. | ) ) |

**ORDER ADOPTING IN PART AND REVERSING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANT SHUNTARIO JOHNSON'S MOTION TO SEVER COUNTS**

Before the Court is Defendant Shuntario Johnson's Motion to Sever Counts Two, Three, and Four from the other Counts of the Fourth Superseding Indictment and to Sever Counts Five, Six, and Seven from Counts One, Eight, Nine, and Ten of the Fourth Superseding Indictment, filed on August 4, 2019.[1] (ECF No. 220.) The United States filed its Response opposing the Motion on August 13, 2019. (ECF No. 231.) The Motion was referred to the Magistrate Judge (ECF No. 238), who issued a Report and Recommendation on September 5, 2019, suggesting that the Motion should be denied as to severing Counts Five, Six, and Seven from Counts One, Eight, Nine, and Ten but granted as to severing Counts Two, Three, and Four from the other Counts. (*See* ECF No. 265, 1.) The United States timely filed an Objection to the Magistrate Judge's Report and

---

[1] As the Magistrate Judge explained, Defendant's Motion to Sever was filed when the Fourth Superseding Indictment was the operative charging document in this case. The Fifth Superseding Indictment was filed four days later. Because the relief requested applies equally to the charges in the Fourth Superseding Indictment and the Fifth Superseding Indictment, the instant motion is construed as seeking severance of the counts under the Fifth Superseding Indictment.

1

Recommendation on September 9, 2019. (ECF No. 270.) On September 9, 2019, the Court heard arguments regarding the Government's objection. (ECF No. 272.)

For the following reasons, the Court finds that the Magistrate Judge's Report and Recommendation should be ADOPTED IN PART and DENIED IN PART, and Defendant's Motion to Sever should be DENIED.

**FINDINGS OF FACT**

In her Report and Recommendation, the Magistrate Judge provides, and this Court adopts and incorporates, proposed findings of fact in this case. (ECF No. 265, 1–7.)

**LEGAL STANDARD**

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Regarding those excepted dispositive motions, magistrate judges may still hear and submit to the district court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B). Upon hearing a pending matter, "[T]he magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate judge's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for

nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Bd. of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674.

## **ANALYSIS**

The Court finds that the Magistrate Judge's Report and Recommendation should be reversed in part and granted in part, and the Defendant's Motion to Sever denied.

*Severance of Counts Two, Three, and Four*

For the following reasons, the Court reverses the Magistrate Judge's recommendation for the severance of Counts Two, Three, and Four. Federal Rules of Criminal Procedure 8(a) ("Rule 8(a)") provides, "[t]he indictment or information may charge a defendant in separate counts with [two] or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." FED. R. CRIM. P. 8(a). "Rule 8 requires a trial court to examine the allegations of the indictment in order to determine whether the joining of the offenses . . . has been proper." *United States v. Frost*, 125 F.3d 346, 389 (6th Cir. 1997). The Sixth Circuit has held that Rule 8(a) "should be construed in favor of joinder." *United States v. Deitz*, 577 F.3d 672, 691–92. If an indictment fails to satisfy Rule 8(a)'s joinder requirements, severance is required. *United States v. Chavis*, 296 F.3d 450, 456 (6th Cir. 2002). In examining the allegations of the indictment, the district court

may broadly construe Rule 8(a) to "'promote the goals of trial convenience and judicial efficiency.'" *United States v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001) (citing *United States v. Wirsing*, 719 F.2d 859, 863 (6th Cir. 1983)). Such a broad construction of Rule 8(a) implies that "[s]imilar does not mean identical." *United States v. Boulanger*, 444 F.3d 76, 87 (1st Cir. 2006).

In determining whether Counts Two, Three, and Four are sufficiently similar to the remaining Counts of the Indictment, it is helpful to review the carjacking statute. Count Two charges Defendant with a violation of Title 18, United States Code, Section 2119 ("Section 2119")—carjacking. Section 2119 falls within Chapter 103, entitled Robbery and Burglary. The Magistrate Judge indicates:

> Defendant has not cited any authority, and the Court is aware of none, stating that carjacking, i.e. robbery of a vehicle, is of the same character as conspiracy and attempt to rob 'persons engaged in narcotics trafficking to obtain drugs and drug proceeds.' . . . Defendant has likewise cited no authority, and the Court is aware of none, stating that carjacking is of the 'same or similar character' of a narcotics trafficking conspiracy.

(ECF No. 265, 8.) Given the fact that the carjacking statute, Section 2119, falls within the Robbery and Burglary chapter, the Magistrate Judge's quick conclusion that carjacking is dissimilar from attempted robbery is misplaced. Again, in determining whether joinder is proper, the court must look to "the allegations on the face of the indictment." *United States v. Locklear*, 631 F.3d 364, 368 (6th Cir. 2011) (citation omitted). The January 9, 2018 carjacking, the January 22, 2018 attempted robbery, and the January 25, 2018 attempted robbery are all "crime[s] of violence" connected by Title 18, United States Code, Section 924(c), as provided in Counts Three, Six, and Nine in the Indictment. (ECF No. 225, 2, 4, 6.) All of these incidents are similar in character because all three offenses involve Defendant's use of the Ruger 9mm semiautomatic handgun, as alleged in Counts 3, 6 and 9. (ECF No. 225, 2-6.) These alleged facts, as contained in the Indictment, demonstrate a baseline relationship and connection between the charges. The

4

Magistrate Judge was incorrect in concluding that "the face of the indictment does not mention any connection whatsoever between the January 9, 2018 offenses alleged to have been committed by [Defendant] and the remaining offenses alleged to have been committed by the four co-conspirators . . . ." (ECF No. 265, 8.)

This case is distinguishable from the other Sixth Circuit cases finding misjoinder. In *United States v. Chavis*, the Sixth Circuit reasoned that joinder of the drug and firearm offenses was improper because there was no evidence or allegations in the indictment suggesting any sort of relationship, no matter how small, between the two counts. *United States v. Chavis*, 296 F.3d 450, 458 (6th Cir. 2002). Specifically, the indictment did not allege that the defendant's "illegal acquisition of the firearms was related to drug activity in any way." *Id.* In *United States v. Hubbard*, the Sixth Circuit held that there was misjoinder of drug and firearm offenses because the defendant was arrested approximately a year and a half after the drug transaction occurred and only upon arrest did the police found a firearm in the same compartment in the defendant's vehicle that had previously been used to store the drugs. *United States v. Hubbard*, 61 F.3d 1261, 1270 (6th Cir. 1995).

In the present case, the charges in the indictment clearly suggest a relationship and connection between the three incidents. They all allegedly occur in January 2018; they all allegedly involve a crime of violence; and they all are connected by Defendant's use of the same weapon during each incident. The Ruger 9mm semiautomatic handgun was found at the scene of the alleged attempted robbery on January 25, 2018. Accordingly, the facts of the case at hand are fundamentally different from the facts of Sixth Circuit cases where the court found severance to be necessary.

This Court finds the offenses alleged in the indictment to be factually intertwined and of similar character. Thus, joinder under Rule 8(a) is proper.

Moreover, judicial efficiency will be promoted by not severing Counts Two, Three, and Four from the other counts of the indictment. *See United States v. Swift*, 809 F.2d 320, 322 (6th Cir. 1987) ("In the decision of whether to join, the predominant consideration is whether joinder would serve the goals of trial economy and convenience; the primary purpose of this kind of joinder is to insure that a given transaction need only be proved once.")(citation omitted)). Additionally, where multiple crimes and their proof are intertwined, joinder under Rule 8(a) is proper. *United States v. Carnes*, 309 F.3d 950, 957 (6th Cir. 2002). "To require the government to put on a separate trial to prove each . . . offense, where the evidence of those counts is intertwined, would violate the spirit of Rule 8(a), which is to 'promote the goals of trial convenience and judicial efficiency.'" *United States v. Hang Le-Thy Tran*, 433 F.3d 472, 478 (6th Cir. 2006) (citing *United States v. Wirsing*, 719 F.2d 859, 862 (6th Cir. 1983)).

Here, all of the Charges are intertwined with common evidence, namely the Ruger 9mm semiautomatic handgun, two shell casings, and the bullet. In Defendant's Motion, Defendant explains that "[t]here is no other physical evidence that connects the three crime scenes" besides the two shell casings from the January 9, 2018 incident and the bullet from the January 22, 2018 incident. (ECF No. 220, 4.) However, ballistic evidence connects the Ruger 9mm handgun to the shell casings and the bullet. That physical evidence demonstrates how the gun and its various parts weave throughout all ten Counts of the Indictment. Establishing the presence of the gun in one of the three incidents necessarily involves establishing the presence of the gun in the other two incidents. Thus, it would be an unnecessary drain of judicial resources to hold two separate trials— one relating to the January 9, 2018 carjacking and the other relating to the January 22, 2018 and

January 25, 2018 attempted robberies.  Accordingly, in the interests of judicial efficiency and due to the intertwined nature of the evidence, the Magistrate Judge's recommendation of granting Defendant's Motion to Sever Counts Two, Three, and Four should be reversed.

Even where joinder is appropriate under Rule 8(a), the district court has the discretion, under Federal Rule of Criminal Procedure 14(a) ("Rule 14(a)"), of granting severance if it appears that the defendant is prejudiced by the joinder of all offenses.  *See* FED. R. CRIM. P. 14(a) ("If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relied that justice requires.").  "[A]s the cases construing Rule 14 make clear, such discretion must be exercised in light of all the relevant circumstances.  Foremost among the relevant circumstances is a balancing of the interest of the public in avoiding a multiplicity of litigation and the interest of the defendant in obtaining a fair trial."  *Wirsing*, 719 F.2d at 864–65.  Other considerations in determining whether a defendant suffered prejudice include "whether spillover evidence would incite or arouse the jury to convict on the remaining counts, whether the evidence was intertwined, the similarities and differences between the evidence, the strength of the government's case, and the ability of the jury to separate the evidence."  *United States v. James*, 496 F. App'x 541, 546 (6th Cir. 2012).

As previously explained, finding the gun at the scene of the third incident necessarily involves establishing the presence of the gun in the other two incidents.  Thus, the evidence would be admissible in separate trials under Federal Rule of Evidence 404(b) for the purpose of proving identity.  The gun is the identifying link connecting Defendant to all three incidents.

Last, Defendant has not specified any "serious risk of undue prejudice."  *Id*.  All Defendant alleges is, "[t]he January 9, 2018 incident does not involve cocaine, nor does it involve a drug

dealer; therefore, Counts 2, 3, and 4 are not of the same or similar character, are not based on the same act or transaction, are not connected with, nor do they constitute parts of a common scheme or plan with Counts 1, 5, 6, 7, 8, 9, and 10. Therefore, [Defendant] will be unduly prejudiced if Counts 2, 3, and 4 of the Indictment are tried with the other Counts of this Indictment." (ECF No. 220, 6.) This broad conclusion fails to outline any specific ways in which Defendant would be unduly prejudiced. Defendant mentions none of the common factors courts look to in determining whether there is a serious risk of undue prejudice. *See id*. Accordingly, the Court concludes that severance is not necessary under Rule 14(a).

*Severance of Counts Five, Six, and Seven from Counts Nine and Ten*

Counts Five, Six, and Seven involve the alleged January 22, 2018 robbery and Counts Nine and Ten involve the alleged January 25, 2018 robbery. As the Magistrate Judge correctly recommends, Counts Five, Six, and Seven are properly joined with Counts Nine and Ten under Rule 8(a). As outlined in the above section, Rule 8(a) allows joinder of offenses that are of a "same or similar character."

Defendant argues that the two incidents are different because one "involved an attempted robbery of a real person at a real home . . ." and the other was part of an undercover operation of a fictitious stash house. (ECF No. 220, 6.) However, those differences are immaterial, as the Magistrate Judge correctly explained. (ECF No. 265, 10.) What is instructive is that both attempted robberies involve an alleged conspiracy to rob narcotics dealers of narcotics and narcotics proceeds, as seen on the face of the Indictment. *See Locklear*, 631 F.3d at 368. Furthermore, the Indictment charges that Defendant used the same Ruger 9mm semiautomatic handgun in both of those attempted robberies. For those reasons, and based on the reasoning of

the Magistrate Judge, Counts Five, Six, and Seven should not be severed from Counts Nine and Ten.

**CONCLUSION**

Upon *de novo* review, the Court hereby **REVERSES** the Magistrate Judge's Report and Recommendation. ECF No. 265, to Grant in Part and Deny in Part Defendant's Motion to Sever and, accordingly, denies Defendant's Motion to Sever.

**IT IS SO ORDERED** on this 1st day of October 2019.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, Jr.
UNITED STATES DISTRICT JUDGE